# United States Court of Appeals
## For The District of Columbia Circuit
_____

**No. 26-1062**                          **September Term, 2025**

**FCC-25-331**

**Filed On:** April 28, 2026

Broadband Communications Association of
Pennsylvania, et al.,

      Appellants

      v.

Federal Communications Commission,

      Appellee

-----------------------------

DIRECTV, LLC and Nexstar Media Inc.,
      Intervenors

-----------------------------

Consolidated with 26-1065


      **BEFORE:**   Wilkins, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the notices of appeal or, in the alternative, emergency petitions for writ of mandamus; the emergency motions for stay pending appeal, the responses thereto, and the replies; the motions for leave to participate as amicus curiae, and the lodged amicus briefs; and the Rule 28(j) letters and the response, it is

**ORDERED** that the motions for leave to participate as amicus curiae be granted. The Clerk is directed to file the lodged amicus briefs. It is

**FURTHER ORDERED** that the emergency motions for a stay pending appeal be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). Specifically, appellants have not shown this court is likely to have jurisdiction under 47 U.S.C. § 402(b) to review the March 19, 2026 order of the Federal Communications Commission's Media Bureau (the "Media

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1062**                                        **September Term, 2025**

Bureau Order").  An application for review of the Media Bureau Order is currently pending before the Federal Communications Commission.  And an appeal of the Media Bureau Order filed in this court before the Commission has resolved the application for review "is subject to dismissal as incurably premature."  See Int'l Telecard Ass'n v. FCC, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam); 47 U.S.C. §§ 155(c)(7), 402(b).  Further, appellants' showing of irreparable harm appears to be diminished by the preliminary injunction entered by the United States District Court for the Eastern District of California.  See In re Nexstar-Tegna Merger Litig., No. 26-CV-976, 2026 WL 1049295, at *28-31 (E.D. Cal. Apr. 17, 2026).  It is

     **FURTHER ORDERED**, on the court's own motion, that the Federal Communications Commission and Nexstar Media, Inc. each file a response to the emergency petitions for a writ of mandamus, not to exceed 5,200 words, by May 11, 2026.  See Fed. R. App. P. 21(b)(1); D.C. Cir. Rule 21(a).  In its response, the Federal Communications Commission should state when it expects to satisfy its nondiscretionary obligation to "pass[] upon" the pending application for review of the Media Bureau Order.  47 U.S.C. § 155(c)(4).  Appellants and intervenor DIRECTV, LLC may each file a reply, not to exceed 2,600 words, by May 18, 2026.  While not otherwise limited, the parties are directed to address the following issue:

> Appellants' mandamus petitions request a stay of the Media Bureau Order under the All Writs Act, 28 U.S.C. § 1651.  For this court to grant such a stay, appellants must show, inter alia, "irreparable harm in the absence of a stay."  In re NTE Conn., LLC, 26 F.4th 980, 990 (D.C. Cir. 2022).  On April 17, 2026, the United States District Court for the Eastern District of California entered a preliminary injunction prohibiting "further integration" of Nexstar and TEGNA.  In re Nexstar-Tegna Merger Litig., 2026 WL 1049295, at *28-31.  What impact, if any, does this preliminary injunction have on appellants' ability to demonstrate irreparable harm?

**Per Curiam**

                              **FOR THE COURT:**
                              Clifton B. Cislak, Clerk

          BY:    /s/
                    Selena R. Gancasz
                    Deputy Clerk